**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JEFFREY PRICE,

      Plaintiff,

v.                                      Case No. 22-10662

UNITED STATES OF AMERICA, et al.,

      Defendants.

_____/

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED *IN FORMA
PAUPERIS*, SUMMARILY DISMISSING CIVIL COMPLAINT,
AND DENYING MOTION FOR COUNSEL**

Plaintiff Jeffery Price is a federal prisoner currently incarnated at FCI Milan in

Milan, Michigan. He filed a *pro se* civil complaint against the United States and various

federal employees (collectively "Defendants") because he alleges Defendant Michael

Mitchel, a federal agent, "illegally seized a Dell Inspiron laptop[,] Service Tag

36WY0D1[,] on October 05, 2009 before obtaining . . . Search and Seizure warrant."

(ECF No. 1, PageID.1.) Plaintiff has also filed a motion to appoint counsel (ECF No. 2),

and an application to proceed *in forma pauperis*, (ECF No. 5). The court has reviewed

the relevant filings, and for the reasons stated below, the will court grant Plaintiff's

request to proceed *in forma pauperis* but will dismiss Plaintiff's complaint for a failure to

state a claim on which relief can be granted and deny his motion to appoint counsel.

## I. BACKGROUND

In November 2011, a jury found Plaintiff guilty of one count of use of a minor to

produce child pornography in violation of 18 U.S.C. §§ 2251(a) and (e) and one count of

possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(5)(B) and (b)(2).
*See United States v. Price*, No. 09-CR-30107, 2020 WL 4893068, at *1 (C.D. Ill. Aug.
20, 2020). Plaintiff alleges that Defendants, comprising the investigating agents,
Assistant United States Attorneys, and a Federal Magistrate Judge, conspired to
"backdate by seven days" an October 15, 2019 warrant authorizing Plaintiff's initial
arrest and the seizure of his Dell Inspiron laptop. (ECF No. 1, PageID.1.) The numerous
images recovered from Plaintiff's laptop proved central to the federal indictment issued
against Plaintiff that eventually led to his conviction.[1] The complaint is lacking in
specifics, so it is hard to determine with certainty under which legal theory he is
pursuing, but reading the complaint liberally, it appears Plaintiff pled (1) a claim seeking
compensation under the "Federal Tort Claims Act" for the seized laptop, and (2) a
wrongful arrest constitutional claim (presumably under 28 U.S.C. § 1983). In total,
Plaintiff seeks approximately $1 billion dollars in damages for his wrongful arrest and
illegal search claims. (*Id.*) The complaint also includes a vague request for injunctive
relief.

## II. DISCUSSION

### A.    Plaintiff can proceed *in forma pauperis*

A Plaintiff who seeks pauper status in federal court must file a form or affidavit
which sets forth all of the assets possessed by that individual; a failure to file the
required affidavit mandates that the pauper request be denied. *See Floyd v. U.S. Postal*

---

[1]     An affidavit attached to the criminal complaint filed against Plaintiff indicates that
federal agents "found numerous images and movies" containing child pornography on
the Dell laptop recovered from his Illinois home including several sexually explicit
images depicting Plaintiff's young daughter. *See United States v. Price*, No. 09-CR-
30107 (C.D. Ill. Oct. 3, 2009) (Doc. No. 2).

*Service*, 105 F.3d 274, 277 (6th Cir. 1997). Plaintiff has filed a valid application to proceed *in forma pauperis* with the requisite information. (ECF No. 5.)  Accordingly, the court will grant the application to proceed *in forma pauperis.*

### B.  Plaintiff's complaint will be dismissed

The court must dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2). This screening process applies to complaints brought by both prisoners and non-prisoners. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis either in law or in fact. *Id.* at 612.

An action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 (1989). A complaint that fails to allege "'enough facts to state a claim to relief that is plausible on its face'" must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A plaintiff falls short if [ ]he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678–

3

79). When employing these standards, the court must read the plaintiff's *pro se* complaint liberally, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying this standard, the court finds that Plaintiff has failed to state a claim against any defendant. Under Federal Rules of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's complaint contains only the most conclusory statements of fact in support of his claims and fails to fully allege the elements of any cause of action. The present complaint is clearly insufficient to establish any claim upon which relief can be granted. *See Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 556) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to state a claim].").

Moreover, even if Plaintiff had adequately alleged either a valid 28 U.S.C. § 1983 constitutional claim or a valid tort claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*, the fact that Plaintiff waited until more then a decade after the alleged injuries to file this action dooms his claims. Indeed, the claims alleged in Plaintiff's complaint are clearly barred by the applicable statutes of limitations. *See Woods v. Illinois Dep't of Child. & Fam. Servs.*, 710 F.3d 762, 768 (7th Cir. 2013) (holding that the statute of "limitations period applicable to *all* § 1983 claims brought in Illinois is two years"); *Brockett v. Parks*, 48 F. App'x 539, 541 (6th Cir. 2002) (citing 28 U.S.C. § 2401(b)) ("An FTCA tort claimant must present his claim in writing to the

appropriate agency within two years of the date the claim accrued, and bring a civil action within six months after the agency mails the notice of final denial of the claim.").

### III.  CONCLUSION

The court finds Plaintiff's claims are without merit and barred by the applicable statute of limitations. Therefore, the court will dismiss Plaintiff's case *sua sponte* for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2). The court also declines to appoint counsel to represent Plaintiff in this matter as Plaintiff has zero likelihood of success. *See Montgomery v. Miller*, No. 08-2710-STA-DKV, 2008 WL 4853336, at *2 (W.D. Tenn. Nov. 6, 2008) (citing *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir.1993)) ("Appointment of counsel in a civil case is not appropriate when a litigant's claims are frivolous, or when the chances of success are extremely slim."). Accordingly,

IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis*  (ECF No. 5) is GRANTED.

IT IS ORDERED that Plaintiff's civil rights complaint (ECF No. 1) is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's "Motion for Appointment of Counsel" (ECF No. 2) is DENIED.

s/Robert H. Cleland               /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 20, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 20, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner                         /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\22-10662.PRICE.DismissComplaint.AAB.RHC.docx